AO 472  (Rev. 11/16)  Order of Detention Pending Trial

**ENTERED**
February 22, 2022
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
### for the

### Southern District of Texas

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. 4:22-mj-266 |
| Christopher Guevara | ) |
| *Defendant* | ) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☐ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

    ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

    ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

    ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

    ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

    ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B.  Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

    ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

    ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

    ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

    ☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

    ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C.  Conclusions Regarding Applicability of Any Presumption Established Above**

    ☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

    **OR**

    ☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☐ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☐ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☒ Participation in criminal activity while on probation, parole, or supervision
☒ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ Lack of significant community or family ties to this district
☐ Significant family or other ties outside the United States
☐ Lack of legal status in the United States
☐ Subject to removal or deportation after serving any period of incarceration
☐ Prior failure to appear in court as ordered
☐ Prior attempt(s) to evade law enforcement
☐ Use of alias(es) or false documents
☐ Background information unknown or unverified
☒ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

On February 18, 2022, the Court held a hearing to determine whether Defendant should be held in custody pending trial in accordance with the Bail Reform Act of 1984, 18 U.S.C. § 3142(f). Defendant is charged in a criminal complaint with unlawful possession of a firearm which is not registered in the National Firearms Registration and Transfer Record, in violation of 18 U.S.C. § 5861(d). Assistant United States Attorney Celia Moyer appeared on behalf of the United States (the "Government"); Federal Public Defender Reuben Pena appeared on behalf of Defendant Christopher Guevara ("Defendant").

EVIDENCE PRESENTED

The Government's Evidence Shows Defendant Is A Danger To The Community

On February 17, 2022, the court held a preliminary and detention hearing. The Government offered testimony from a Special Agent ("Agent") with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"). The Court found his testimony to be credible. Agent testified to the following:

1.      Agent encountered Defendant, who is 18 years old, during an investigation into his activities. Agent received information that Defendant was selling auto-switches designed for Glock pistols that converted the pistol into a machine gun. Auto-switches meet the definition of a firearm. Functionally, it is a part to be added to a firearm, but it is categorized as a machine gun.

2.      Defendant had communications with an undercover agent ("UC"), leading to four transactions, as follows:

3.      On January 20, 2022, UC spoke with Defendant about the purchase of 10 switches. Although Defendant negotiated the transaction, at the last minute he notified UC that someone else would be there to sell the switches. UC purchased the switches from another person that Defendant sent to make the transaction.

4.      On February 1, 2022, UC again spoke with Defendant about purchasing 10 switches. Again, UC purchased ten switches from another person Defendant sent to make the transaction.

5.      On February 1, 2022, Defendant sent a text message (unclear to whom) about three Houston police officers that had been shot a couple of days before. The news reported that an auto-switch, like the ones Defendant sold, was used in the shooting. Defendant's message was that they needed to be careful who the switches were sold to considering this shooting.

6.      On February 7, 2022, Defendant sold UC 10 switches to UC.

7.      On February 15, 2022, Defendant agreed to meet with UC and sell 30 switches for $5,400.00. UC and Defendant agreed to a time and location. On February 16, 2022, the agreed date, Defendant met UC and sold him 30 switches. After the transaction, Defendant walked to a vehicle with two other individuals in it, at which time marked and unmarked cars

arrived at the scene. Defendant was arrested. The vehicle was searched, and three firearms were seized. Each person in the vehicle had a firearm near where he was sitting. The other two individuals were the people involved in the transactions on January 20 and February 1.

8.    In a post-Miranda interview, Defendant said that the was part of the Get Money Gangster gang.

9.    Agent received information from a confidential source ("CS") that Defendant was wearing an ankle monitor previously, although he was not wearing an ankle monitor when arrested.

10.    The Pretrial Services ("PTS") report and addendum contained his criminal history. In February 2020, at 16, he was convicted on an aggravated assault with a deadly weapon charge and sentenced to six months juvenile probation. Currently, he has pending felony and misdemeanor charges that include: felony possession of a controlled substance and felony aggravated assault with a deadly weapon. He was on bond on the controlled substance charge when he committed the assault charge. A motion to revoke bond was filed in the drug charge case, he was remanded to custody, and later was released on bond. His bond conditions were subsequently amended to add a GPS monitor. According to the information Defendant's mother gave PTS, the ankle monitor was removed this past month because he could not get a job with the strap on.

11.    Defendant proffered that his mother was on the zoom line. She is a single mother of four. Defendant is the oldest child. His mother works fulltime as the supervisor of a clinic. Her three other children are 17, 13, and 11. The 11-year-old has special needs. She is also the guardian to another 17-year-old. She owns her own home and has no criminal history. Her parents and grandparents live nearby. Defendant has work lined up with his uncle who is an electrician. Defendant also helps his mother take care of the other children and he gives her money.

CONCLUSION

Based on the allegations in the criminal complaint, the evidence presented at the hearing, and the information in the Pretrial Services Agency report, the Court concludes as follows:

(1)    The evidence presented overwhelmingly established that the Defendant committed the offense with which he is charged, namely: possession of a firearm which is not registered in the National Firearms Registration and Transfer Record, in violation of 18 U.S.C. § 5861(d).

(2)    The Government established by clear and convincing evidence that the Defendant is a danger to the community such that he should be detained pending trial. See 18 U.S.C. § 3142(f) ("[A] finding . . . that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence."). He sold 60 switches to UC in four transactions. The switches turn a Glock handgun into a machinegun. Defendant was aware of the danger as evidenced in his text after the police officers were shot by a gun with a similar switch. He has failed to follow conditions of release as he was on bond when he committed two new law violations, including this one. His prior bond was revoked. Thus, he will continue to commit additional crimes if released. His mother is not an adequate third-party custodian because he committed this and the prior assault and the other two charges while living at home with her. She works full-time, must care for four other children, and has been unable to adequately supervise Defendant. In addition, she was aware her son could not work legitimately when he was wearing the ankle monitor, yet he was contributing money to help support the family, indicating she either knew or turned a blind eye to the source of his income.

(3)    Defendant's counsel argued that he is not a flight risk, but the Government did not rely on this in seeking detention. The Court agrees that there is no evidence that he would be a flight risk.

(4)    Thus, the Court finds that there are no conditions or combination of conditions that will reasonably assure safety to the community such that it cannot safely release him on bond.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:            02/21/2022                                                 *Dena Palermo*

United States Magistrate Judge